## BOLES v ALBERTI

Ohio Appeals, 7th Dist, Mahoning Co

No 2345. Decided March 26, 1937

Elmer T. Phillips, Youngstown, and Herbert Kerr, Youngstown, for appellee.

D. F. Rendinell, Youngstown, for appellant.

## OPINION

By ROBERTS, J.

This action is in this court on appeal of law from the Court of Common Pleas. The parties will hereinafter be alluded to as in the lower court, namely, John Boles, plaintiff, and Jerome Alberti, defendant. The issues in this case involve an automobile accident in the city of Sharon, Mercer County, Pa., plaintiff being a resident of said city, and the defendant being a resident of the city of Youngstown, Mahoning County, Ohio.

The parties agree that South Irvine Street extends in a general southerly direction in the said city of Sharon; that it is intersected at practically a right angle by Ohio Street, extending in an easterly and westerly direction. The plaintiff claims in his amended petition that on the 30th day of January, 1934, at about one-thirty o'clock P. M., he and his wife walked in an easterly direction on the north side of Ohio Street, until they reached the intersection of that street with Irvine Street. There they parted, she ultimately going some distance in a northerly direction on the west side of Irvine Street, and the plaintiff crossing Ohio Street in a southerly direction along the west line of Irvine Street. He then attempted to cross Irvine Street, and when he had reached a point a few feet east of the center line of this street, or about on the easterly rail of the street car track, which was in the center of the street, he claims he was struck, knocked down and severely injured by an automobile operated by the defendant, and which he claims was proceeding at a high and dangerous rate of speed of about forty-five miles per hour. He alleges that the defendant failed and neglected to keep a look-out ahead of his said automobile in the direction in which he was proceeding and carelessly and negligently failed and neglected to warn him of the approach of said automobile by bell, horn or other signal. The plaintiff further alleges, in substance, that by reason of the actionable negligence of the defendant in this respect, he, the plaintiff, suffered severe injuries, the extent of which will be hereinafter more fully considered.

The trial in the Court of Common Pleas was entered upon and proceeded during at least part of the trial upon the petition of the plaintiff. Before the issues were submitted to the jury, however, the court permitted the filing of an amended petition, but it is understood that the answer to the original petition was considered as an answer to the amended petition. The defendant admits the location of the streets and his residence in Youngstown, as alleged in the amended petition; also admits that on the day alleged he was operating his automobile in a southerly direction over and along South Irvine Street, and denies all of the other allegations of the petition. For a second defense the defendant says

that if it should appear that the accident happened as set forth in the plaintiff's petition, which he denies, that then the accident and consequent injuries were caused solely and directly through the negligence and carelessness of the defendant, in the following respects, to-wit:

1. In placing himself in a dangerous position.
2. In allowing and permitting himself to remain in a dangerous position.
3. In failing to use his senses to avoid said accident and injury.

The reply of the plaintiff, which was likewise not re-filed, was a general denial of the allegations of the answer of the defendant. On the submission of the issues to the jury, it returned a verdict, signed by eleven members thereof, in favor of the plaintiff for $5,000.00. Thereupon the defendant prosecuted his appeal of law to this court. The cause has been argued and submitted and is now for determination.

Counsel for the defendant, the appellant herein, as error assigned, alleges:

1. The verdict and judgment is not sustained by the evidence and is manifestly against the weight thereof.
2. The court erred in overruling the defendant's motion at the conclusion of plaintiff's case and at the conclusion of all the evidence.
3. The court erred in its charge to the jury.
4. The verdict of the jury was excessive and brought about through the influence of passion and prejudice.

The plaintiff, in his testimony, says in effect that when he paused on the west side of Irvine Street before starting across, he looked to the north, the direction in which the defendant's car came, but does not say that he looked to the south; that he saw an automobile which was coming south on South Irvine Street turn on East Ohio Street, which turn would be made before reaching him; that he saw another car proceeding southerly about a block further to the north. The driver of the car which turned on East Ohio Street, Harry Miles, says that he looked in his mirror before turning and saw another car about twelve or fifteen hundred feet back of him, coming in the same direction. Vera Burnett, and her husband, Warren Burnett, testified, in effect, that they were walking north on South Irvine Street, and when near Mayer's garage, which is south of Ohio

Street, that the plaintiff looked both north and south before crossing the street. (R. 39 and 139). Mrs. Boles, the wife of the plaintiff (R. 68 and 69) testifies that she was watching her husband from the west side of Irvine St., and that he looked both north and south before entering the street and attempting to cross it, and that the defendant's car was then about two blocks, or about six hundred feet, to the north of the intersection.

The testimony indicates that the plaintiff paused for a moment or two on the east street car rail to allow two automobiles to pass north on his right. As claimed by the plaintiff, he was then struck by the left rear wheel of the defendant's car and knocked to the ground, sustaining the injuries of which he complains. (R. 22, 65, 141). The defendant was driving from forty to fifty miles per hour. (R. 21, 64, 140). The plaintiff's evidence is further to the effect that after the collision the defendant's car veered to the side and struck the curbing of the street. The plaintiff was taken to the hospital, where he remained twenty-four or thirty-six hours, was then taken home, where he remained until February 24th, at which time he returned to his employment, doing light work. (R. 91).

A careful perusal of the testimony indicates to this court that the verdict was not against the manifest weight of the evidence, but was, in fact, sustained by the greater number of witnesses and, as this court believes, the greater weight of the evidence.

The second proposition of error urged by counsel for the defendant is that the court erred in overruling the defendant's motion at the conclusion of plaintiff's case and again at the conclusion of all of the evidence. The importance of this contention depends upon whether there was any just cause in the trial whereby the court should have sustained these motions of the defendant's counsel. This not being a substantive allegation of error, it will become important only in case it is found that there was reversible error requiring, as a matter of right, the sustaining of said motions.

There is a further contention in the brief of counsel for the defendant, denominated two, in which it is claimed or assigned that the plaintiff did not look to the south before crossing the street, and that "he is clearly guilty of negligence as a matter of law, and the court erred in overruling

the defendant's motion for a directed verdict. §6310-36 GC provides, 'Pedestrians shall not step in or upon a public road or highway without looking in both directions to see what is approaching'." Concerning this contention it may be said that while the plaintiff did not testify that he looked south, and it may now be suggested that evidently considerable difficulty was encountered in eliciting his testimony, for the reason, perhaps, that he is quite hard of hearing and evidently had difficulty in hearing the questions which were propounded. The decided weight of the evidence, however, as hereinbefore stated, is to the effect that he did look south as well as north before attempting to cross the street. This is testified to by Mr. and Mrs. Burnett, and by the plaintiff's wife. Mrs. Boles.

There is a further reason why if he failed to look to the south, as a matter of fact it would be unimportant so far as the issues in this case are concerned. The undisputed evidence is that he was struck and injured by an automobile coming from the north, proceeding southerly. There is no contention that he was injured by an automobile coming from the south. It is wholly apparent, therefore, that looking south was unimportant and would have been unavailing. The fact would have been otherwise had he failed to look to the north and the negligence of which he complains have come from the same direction.

It is alleged as a second defense in the answer of the defendant that should it transpire that the accident happened as set forth in the plaintiff's petition, which he expressly denies, then the accident and consequent injuries were caused solely and directly by and through the negligence and carelessness and conduct of the plaintiff. In this connection it is claimed by counsel for the defendant that an issue of contributory negligence is not presented by the pleadings, where a defendant in addition to his general denial pleads that the plaintiff's own negligence was the sole cause of the injury, sole negligence and contributory negligence being regarded as incompatible defenses.

In the case of **Bradley v Cleveland Ry. Co., 112 Oh St 35**, it is said in the syllabi:

"1. In actions for negligence, where the answer pleads the general issue, or that the injury resulted from plaintiff's fault, either or both, and the evidence offered at the trial reasonably tends to develop the issue of contributory negligence, it is the duty of the court to charge upon that issue."

In the opinion it is said, on page 38:

"Where contributory negligence is pleaded as an affirmative defense, and evidence is adduced in its support, no such confusion can arise. This court is committed to the rule that where contributory negligence is made a defense, either by the pleadings or by evidence, the burden of proving that issue is cast upon the defendant. Contributory negligence is a defense in the nature of a confession and avoidance. If there be no express admission, there is an admission by implication that some negligence exists on the part of the defendant. Ordinarily in personal injury cases the defendant does not desire to confess its own negligence, and in practice usually pleads a general denial with an alternative allegation that if the defendant was negligent the plaintiff's negligence, either wholly or in combination with the defendant's negligence, directly contributed to the injury."

On page 41 it is said:
"If the issue of contributory negligence was developed by the evidence, counsel for plaintiff in error could have asked the court to instruct the jury as to the burden of proof upon that issue, but no such instruction was asked."

In the case of **Knisely v Community Traction Company, 125 Oh St 131**, it is said on page 136 of the opinion:
"The mere general allegation of plaintiff's want of due care contributing proximately to his injury is sufficient and good as against a motion to make definite and certain. The same rule applies to a defense that the injury was caused by the sole negligence of plaintiff. This fact must be held to be the ratio decedendi and to be applicable to both classes of cases. Manifestly no greater burden rests upon the defendant in seeking to prove that plaintiff's negligence contributed to the injury than rests upon him where he seeks to prove that plaintiff's negligence was the sole cause of the injury."

Citing also **32 O.C.D. 604; and 18 N.P. (N. S.) 409, 3 O.N.P. (N.S.) 8.** It is not found that there was reversible error in this regard.

It is argued by counsel for the defendant that the plaintiff should have alleged and

proven the law of the state of Pennsylvania, the accident having happened in that state. It was so alleged in the original petition. Counsel for the defendant objected to the evidence offered by the plaintiff to prove the law of the state of Pennsylvania. The court thereupon excluded such evidence and permitted the filing of an amended petition not so alleging. In the absence of any allegation or proof as to the law of a sister state, the law of the forum becomes competent. It follows that the trial court did not err in trying the case upon the Ohio law. However, the law as given with regard to the duty to look in both directions when a pedestrian attempts to cross the street has otherwise herein found to have been unimportant.

The next and final proposition is with regard to the claimed excessiveness of the verdict, and that the court, as contended, permitted the jury to consider loss of wages without evidence thereon. The court in the charge quoted from the petition as follows: "He further says that he was 44 years of age, in good health, earning and able to earn $125.00 per month, and that he has been unable to earn money as a result of his injuries." Upon the question of damages the court said "You may also take into account such loss of wages as you may find plaintiff to have suffered by the greater weight of the evidence as the direct result of the negligence of the defendant." The prayer of the petition was "Plaintiff says that he has been damaged in the sum of $10,000, for which amount he prays judgment against this defendant, together with his costs." There was but little evidence of loss of wages. The period of time during which the plaintiff was unable to work was quite brief, and the evidence does not disclose what wages the plaintiff earned. If entitled to recover, the plaintiff was entitled to damages received by him in the accident, including his disability, his suffering, the effect of the accident upon him, his impairment, if any, of physical strength or lessened ability to work and loss of wages to the extent the evidence so shows. The testimony of Dr. Milliken goes into considerable detail with regard to the injuries of the plaintiff and their effect and permanency. This testimony appears commencing on page 85 of the bill of exceptions, and continuing to 95. Without taking time to enumerate or specify, the undisputed testimony of the

doctor indicates a very serious result of the accident, lessening substantially the ability of the plaintiff to earn wages, to work at his former occupation, and by reason of cramps and disability the plaintiff is liable at any time to become disabled and practically helpless, rendering him an undesirable employe.

It is thought that all of the contentions of counsel for the defendant have been considered, and this with the result that no prejudicial error is found to have occurred during the trial, and the judgment of the Court of Common Pleas is affirmed.

Judgment affirmed.

NICHOLS and CARTER, JJ, concur.